ORIGINAL

FILED

SEP 21 2018

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 18-1025C
(Filed: September 21, 2018)
NOT FOR PUBLICATION

|  |  |
|---|---|
| EDDIE A. BANKS, | ) |
| *Pro Se* Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO DISMISS

**FIRESTONE**, *Senior Judge*

Pending before the court is defendant the United States' ("the government") motion, filed on August 8, 2018, to dismiss Mr. Eddie A. Banks' ("plaintiff" or "Mr. Banks") complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").[1] (Docket No. 6). Mr. Banks filed his *pro se* complaint against the government on July 13, 2018. (Docket No. 1). Mr. Banks alleges that the United States Department of State committed common law trespass and violated Article IV of the United States Constitution for failing to authenticate allegedly public documents. Mr. Banks' response to the government's motion to dismiss was due on August 29, 2018. When Mr. Banks failed to rspond by the August 29, 2018 deadline, this court issued an order giving Mr. Banks notice that he had until September 14, 2018 to respond or the case would be dismissed for failure to prosecute. (Docket No. 7). On September 14, 2018 the court received a letter sent by Mr. Banks. (Docket No. 8). The letter was not responsive to the government's motion to dismiss. The court finds for the reasons set forth in the

---

[1] RCFC Rule 12(b)(1) provides "[A] party may assert the following defenses by motion: (1) lack of subject matter jurisdiction."

government's motion that it lacks jurisdiction over plaintiff's case, and thus, the case must be dismissed.

Mr. Banks' claim relates to the conduct of the United States Department of State. Compl. at 1. Mr. Banks is seeking an order requiring the Department of State to authenticate allegedly public records and $20,000 in damages for trespass. *Id.* Mr. Banks argues that the U.S. Department of State committed common law trespass by twice refusing to authenticate allegedly public records and in so doing, violated Article IV of the United States Constitution. *Id.* The Full Faith and Credit Clause in Article IV provides that "Full faith and credit shall be given in each state to the public acts, records, and judicial proceeds of every other state. And Congress may by general laws prescribe the manner in which such acts, records, and proceeds shall be proved, and the effect thereof."

In its motion to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction, the government states that Mr. Banks has failed to invoke this court's jurisdiction because Mr. Banks has not cited a money mandating statute or constitutional provision. Def.'s Mot. at 2. The government argues that Article IV's Full Faith in Credit Clause, as identified above, does not mandate compensation by the United States. *Id.* at 3-4 (citing *Republic of New Morocco v. United States*, 98 Fed. Cl. 463, 468 (2011)). The government also argues that a common law remedy for trespass is outside this court's jurisdiction because trespass constitutes a tort. (citing *Ramirez v. United States*, 239 F. App'x 581, 582 (Fed. Cir. 2007)). 28 U.S.C. Section 1491(a)(1) states that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *not sounding in tort*." (emphasis added).

The court agrees with the government that this court lacks subject matter jurisdiction to adjudicate any of Mr. Banks' claims. Jurisdiction represents a threshold matter that a court must resolve before it may proceed to the merits of a case. *See, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). As plaintiff, Mr. Banks had the burden of establishing this court's subject matter jurisdiction by a preponderance of evidence. *See Fid. & Guard. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citation omitted). Although a complaint filed by a *pro se* plaintiff is held to a less stringent standard than formal pleadings drafted by lawyers, *pro se* plaintiffs must still demonstrate that the court has jurisdiction to hear their claims. *See Mathews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted).

Here, it is clear that this court lacks subject matter jurisdiction over claims based on Article IV of the Constitution. The Full Faith and Credit Clause in Article IV is not money mandating and thus the court does not have jurisdiction and thus cannot serve as grounds for jurisdiciton. In *Republic of New Morocco*, another plaintiff sought damages from the State Department for failure to authenticate that plaintiff's documents and this

court held that the Full Faith and Credit Clause "does not require the State Department to authenticate plaintiff's documents, and it does not mandate the payment of money damages." 98 Fed. Cl. at 468. *Republic of New Morocco*, 98 Fed. Cl. at 463. In addition, it is well-settled that claims sounding in tort are not within the jurisdiction of this court. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Court of Federal Claims "lacks jurisdiction over tort actions against the United States"); *Alford v. United States*, 125 Fed. Cl. 4, 7 (2016) ("The court lacks jurisdiction over plaintiffs' trespass/nuisance claim because it sounds in tort."). Because trespass claims sound in tort, they are beyond this court's jurisdiction. *Cycenas v. United States*, 120 Fed. Cl. 485, 498 (2015) ("To the extent plaintiff's complaint asserts claims of . . . trespass, those claims sound in tort.").

For all of these reasons, the government's motion to dismiss under Rule 12(b)(1) of the RCFC is **GRANTED**. The clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge

---

[2] This plaintiff has a long history of filing frivolous lawsuits including *Banks v. Secretary, DOC et al.*, 15-cv-0692 (M.D. Fla) (dismissed pursuant to 28 U.S.C. § 1915A); *Banks v. Gold et al.*, 13-cv-62763 (S.D. Fla.) (dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and threatening sanctions for any further frivolous filings); *Banks v. United States*, 12-cv-0042 (E.D. Va.) (dismissed with prejudice under § 1915(e)(2)(B)(ii)); *Banks v. Preston et al.*, 07-cv-0601 (M.D. Fla.) (dismissed under § 1915A).

The Clerk is directed not to accept any actions or filings by Eddie Alexander Banks, without an Order of the Chief Judge of the United States Court of Federal Claims. In seeking leave to file an action in this court in the future, Mr. Banks must explain how his complaint raises new matters properly within the jurisdiction of this court. *See* U.S. Court of Federal Claims Rule 11(b) (barring the filing of unwarranted or frivolous claims).